The Honorable Brent Davis Prosecuting Attorney Second Judicial District P.O. Box 491 Jonesboro, Arkansas 72403
Dear Mr. Davis:
This is in response to Deputy Prosecuting Attorney Fred P. Thorne's request for an opinion on the legality of detaining juveniles in the Crittenden County jail for a period of twenty-four hours pursuant to A.C.A. 9-27-336 (Adv. Code Serv. 1994-95). That statute was amended in the Second Extraordinary Session of 1994, and provides in relevant part as follows:
 (b) Except pursuant to subsection (d) of this section, a juvenile shall not be placed or confined in a jail or lock-up used for the detention of adults except under the following circumstances:
* * *
 (3)(A) A juvenile alleged to have committed a delinquent act who is awaiting an initial appearance before a judge may be held in an adult jail or lock-up for up to twenty-four (24) hours, excluding weekends and holidays, provided the following conditions exist:
 (i) The alleged act would be a misdemeanor or a felony if committed by an adult or is a violation of § 5-73-119; and
 (ii) The geographical area having jurisdiction over the juvenile is outside a metropolitan statistical area pursuant to the United States Bureau of the Census' current designation, and
(iii) No acceptable alternative placement for the juvenile exists, and
 (iv) The juvenile is separated by sight and sound from adults who are pretrial detainees or convicted persons.
The question presented has reference to subsection (b)(3)(A)(ii) above, which requires, as a condition of detaining a juvenile alleged to have committed a delinquent act in an adult lock-up, that the "geographic area having jurisdiction over the juvenile" be outside a "metropolitan statistical area." Mr. Thorne notes that it is his understanding that Memphis, Tennessee (a metropolitan statistical area)[1] is within Crittenden County's "catchment area," but that the County is not allowed to detain juveniles in out-of state detention facilities. In addition, the County cannot, at times, detain juveniles in Jonesboro, Arkansas, which is outside its "catchment area," because of unavailability of space. The question therefore is whether, because Crittenden County cannot use detention facilities within its "catchment area," it may, pursuant to A.C.A. § 9-27-336, detain the juveniles in question in the Crittenden County jail for twenty-four hours, excluding weekends, to await a hearing.
The relevant statute does not define the phrase "geographic area having jurisdiction over the juvenile." It is unclear, in my opinion, to what area this term refers. The term "catchment area," used by Mr. Thorne, is not defined in the question presented, and I have found only two references to this term in the Arkansas Code. Each reference is in the subchapter governing the "Child and Adolescent Service System Program" which makes mention of community mental health center "catchment areas." It is my understanding that the community mental health center "catchment area" which includes Crittenden County also includes the counties of Cross, Lee, Monroe, Phillips and St. Francis. It does not, according to my understanding, include any city or county in an adjoining state.
The problem arises under the statute, however, not due to any "catchment" area boundaries, but because technically, Crittenden County itself is in a "metropolitan statistical area." It is designated for United States Census purposes as included within the Memphis, Tennessee/Arkansas/Mississippi "metropolitan statistical area." Thus, for purposes of the relevant statute, the "geographic area having jurisdiction over the juvenile" (if it includes Crittenden County), is not "outside a metropolitan statistical area." I thus cannot conclude, in light of the plain language of the subsection above, that Crittenden County can avail itself of the exception in 9-27-336(b)(3)(A).
It should be noted, however, that the 1994 amendments to A.C.A. §9-27-336 may authorize Crittenden County officials to obtain a waiver of the provisions of subsection (b). The amended statute now contains subsection (d), which provides as follows:
 Provided, however, that upon petition by the quorum court of any county, the Governor may waive the requirements of subsection (b) and (c) of this section and any other provision of state law, state jailing standards, and state regulations limiting the detention of juveniles in adult facilities, subject to the following restrictions:
 (1) The authority to grant such a waiver will expire on March 31, 1997; and
 (2) Such waivers may be granted only for periods of up to six (6) months, but may be renewed for successive six-month periods, provided all such waivers shall expire on March 31, 1997; and
(3) Such waivers shall be available only if a county:
 (A) Is making a good faith effort to provide a juvenile detention facility that otherwise complies with state law . . . and has entered into a written agreement with another county or counties for that specific purpose; or
 (B) Has a juvenile detention facility located in that county, but certifies that no further bed capacity is available or will be available within a reasonable period of time, and certifies that the county will increase the bed capacity of its facility by March 31, 1997; and
 (4) Such waiver shall not permit detaining juveniles in the same cell or within physical reach of adults who are pretrial detainees or convicted persons.
The quorum court of Crittenden County may thus wish to apply for a waiver of the provisions of subsection (b) of the statute.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The United States Census Bureau currently has three separate designations for "metropolitan statistical areas." The smallest is simply denoted a "metropolitan statistical area." Larger areas are referred to as either "consolidated metropolitan statistical areas," or "primary metropolitan statistical areas."